Date Signed:
October 20, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re CRAIG and LA FONDA TROTTER,<br><br>              Debtors. | Case No. 14-01076<br>Chapter 13<br><br>Re: Docket No. 2 |

## MEMORANDUM OF DECISION REGARDING MOTION TO CONFIRM PLAN

The debtors filed their chapter 13 plan of reorganization on August 11, 2014. One of their secured creditors, Harley-Davidson Credit Corp., has objected to the plan because it proposes to modify the interest rate on its loan secured by a motorcycle the debtors purchased within 910 days before the bankruptcy (a so-called "910-day car loan").

The question before me is whether a chapter 13 debtor may modify the interest rate on a 910-day car loan. My answer is yes.

## I. BACKGROUND

The debtors' plan provides that all unsecured creditors will receive 100% of their claims. Besides their unsecured debt, the debtors have outstanding debt on two automobiles and a motorcycle. Their plan provides for continued payment of the secured debt at a reduced interest rate of 4.75%.[1]

Harley-Davidson, which holds a security interest in the motorcycle, objected to confirmation.

## II. STANDARD

The court must confirm a chapter 13 plan if it complies with 11 U.S.C. § 1325.[2]

As far as a secured creditor is concerned, the court can confirm a plan only if (a) the secured creditor accepts the plan,[3] (b) the plan payments to the secured creditor have a value equal to the amount of the secured claim,[4] or (c) the debtor surrenders the collateral.[5]

Harley-Davidson has not accepted the plan, and the debtors do not propose to surrender the motorcycle. Therefore, option (b) applies.

---

[1] Dkt. 2 at 2.

[2] 11 U.S.C. § 1325(a).

[3] 11 U.S.C. § 1325(a)(5)(A).

[4] 11 U.S.C. § 1325(a)(5)(B).

[5] 11 U.S.C. § 1325(a)(5)(C).

U.S. Bankruptcy Court - Hawaii   #14-01076   Dkt # 18   Filed 10/20/14   Page 2 of 6

In most circumstances, option (b) permits the debtor to "strip down" secured claims, *i.e.*, to reduce the creditor's secured claim to the value of the collateral and to treat the balance as unsecured. But there is a special rule for certain motor vehicles.

Section 1325's hanging paragraph provides that "section 506 shall not apply to" a purchase money security interest in a motor vehicle the debtor acquired for his personal use within 910 days of the bankruptcy filing.[6] Most courts have interpreted this provision to mean that a plan may not strip down a secured creditor's claim.[7]

### III. DISCUSSION

Harley-Davidson has three objections.[8]

First, it objects to the amount of its claim in the plan. The plan schedules Harley-Davidson's claim as $22,099;[9] in its August 21, 2014 proof of claim, Harley-Davidson claimed $22,809.09.[10] This objection is superfluous. The claim amount stated in the plan is only an estimate. The plan provides that the proof of claim, and not the plan, determines the amount of the claim.[11]

---

[6] 11 U.S.C. § 1325, unnumbered hanging paragraph after (a)(9).

[7] *See, e.g., In re Trejos*, 352 B.R. 249, 264 (Bankr. D. Nev. 2006).

[8] Dkt. 10 at 1.

[9] Dkt. 2 at 2.

[10] Dkt. 10.

[11] Dkt. 2 at 2, ¶ 3.02.

3

U.S. Bankruptcy Court - Hawaii   #14-01076   Dkt # 18   Filed 10/20/14   Page 3 of 6

Second, Harley-Davidson argues that the plan does not provide for payment of the full value of its claim. This argument seems to be connected with the disputed amount of the arrears. The plan provides for full payment of the secured claim, the amount of which is fixed, not by the plan, but rather by Harley-Davidson's proof of claim.

Harley-Davidson's third objection is more interesting, and, depending on the resolution, could have a large impact on debtors who have 910-day car loans. It argues that the "hanging paragraph" after section 1325(a)(9) prohibits debtors from reducing the interest rate on 910-car loans.

At the hearing on this motion, the debtor argued that the hanging paragraph does not affect a debtor's ability to lower the interest rate on a 910-day car loan.

I agree with the debtors. Chapter 13 allows the debtors to lower the interest rate on a 910-day car loan.

### A. *Till* and the Formula Approach

In *Till v. SCS Credit Corp.*, the United State Supreme Court held that the proper method of determining the interest rate in a chapter 13 plan is the "formula approach."[12] Under this approach, the court begins with the prime rate and adjusts it up to compensate the creditor for the risk the debtor presents.[13] The *Till* method

---

[12] *Till v. SCS Credit Corp.*, 541 U.S. 465, 479-80 (2004).

[13] *Id.* at 479.

U.S. Bankruptcy Court - Hawaii   #14-01076   Dkt # 18   Filed 10/20/14   Page 4 of 6

ensures that creditors receive the full value of their claim under section 1325(a)(5)(B)(ii).[14]

The plan adopts the default *Till* rate which this court periodically announces.[15] Harley-Davidson does not argue that 4.75% is an improper rate under *Till*. In the absence of countervailing evidence, I conclude that 4.75% is permissible.

## 2. The Hanging Paragraph

With *Till* in the background, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). One of the more controversial provisions BAPCPA added was the hanging paragraph. In relevant part, it states that

> For the purposes of paragraph (5) [of section 1325], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . .[16]

The debtors concede that the hanging paragraph applies to Harley Davidson's claim. Thus, the only remaining issue is whether the hanging paragraph prohibits a chapter 13 debtor from lowering the interest rate on a 910-day car loan. I conclude that it does not for two reasons.

---

[14] *Id.* at 483.

[15] LBR 3015-1(g).

[16] 11 U.S.C. 1325 hanging paragraph.

U.S. Bankruptcy Court - Hawaii   #14-01076   Dkt # 18   Filed 10/20/14   Page 5 of 6

First, nothing in the text of the hanging paragraph or section 506 even mentions interest rates. When interpreting a statute, courts must "presume that a legislature says in a statute what it means and means in a statute what is says there."[17] If the statute is unambiguous, the text is dispositive.[18] Based on the plain text of section 506 and the hanging paragraph, there is no basis to conclude that Congress intended to eliminate a debtor's option to lower the interest rate on 910-day car loan.

Second, the majority of courts have held that the hanging paragraph did not abrogate *Till*[19] or change the debtor's power to modify the interest rate on secured claims. This makes sense, considering that Congress knew about *Till*, but did not mention interest rates when it passed BAPCPA.

## III. CONCLUSION

For the foregoing reasons, I will confirm the plan. The trustee is directed to submit an appropriate order.

**END OF DECISION**

---

[17] *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

[18] *Id.* at 254.

[19] *See In re Trejos*, 352 B.R. 249, 267-68 (Bankr. D. Nev. 2006); *see also* Keith Lundin, *Chapter 13 Bankruptcy,* Case Update for § 112.2 (4th ed. 2014).

U.S. Bankruptcy Court - Hawaii   #14-01076   Dkt # 18   Filed 10/20/14   Page 6 of 6